Savoie, J., concurs and assigns reasons. 11 This matter involves the trial court’s denial of a motion to strike Plaintiffs defamation action against Defendant Washington pursuant to La.Code Civ.P. art. 971. The defamation action arises out of an online political blog article written by As-well, as well as the written comments Washington made to the online blog, which reference prior litigation between Washington’s family and Plaintiff. I concur with, the decision in this matter based on the limited information provided in connection with the writ application. However, the information provided is problematic because it is unclear what evidence was submitted during the hearing on Washington’s motion to strike. The minutes provided merely indicate that the court considered all evidence submitted, with no indication of what evidence was submitted. La.Code Civ.P. art. 971(A)(2) states that, in considering a special motion to strike, “the court shall consider the pleadings and supporting and opposing affidavits stating facts upon which the liability or defense is based.” ■ The Relator provided us with a copy of Plaintiffs original petition, as- well as a copy of Aswell’s blog article and Washington’s comments thereto, which were attached to Plaintiffs petition. We were also provided with Plaintiffs amended and supplemental petitions. However, the information provided to us does not | acontain any supporting affidavits or other evidence submitted by Plaintiff in support' of his action. Plaintiff did not submit an opposition to the instant writ application or otherwise direct us to any such evidence. Washington also provided us with a copy of his motion to strike, his supporting memorandum, and the exhibits attached thereto, which included an affidavit addressing and denying Plaintiffs allegations. It is unclear whether these documents’ were offered or accepted into evidence by the trial court. I agree with the conclusion that, in connection with Mr. Washington’s motion to strike, it was ultimately Plaintiffs burden to demonstrate a probability of success as to his alleged defamation action in order for Plaintiff to defeat the motion. I also agree with the conclusion that Plaintiff failed to satisfy that burden based on the limited information provided to us. There is insufficient evidence establishing Plaintiff could prevail on the damages element of his defamation action. Further, the blog article and comments thereto are insufficient to establish the probability that Plaintiff could prove a defamation action against Washington. There is no evidence indicating that Aswell and Washington conspired together in connection with writing or publishing Aswell’s article, as alleged, or that the information in Aswell’s article was given to him by Washington. Washington states in his affidavit that he did not conspire with Aswell or otherwise provide him with any information other than court documents from prior litigation between the parties. Moreover, Washington references Plaintiff only twice in the comments he made to Aswell’s article, and neither of those statements satisfy the elements required to establish a defamation action.[1] Similarly, Washington’s other general comments and opinions in his comments also fail to support an actionable defamation action by Plaintiff. . See, Fitzgerald v. Tucker, 98-2313 (La. 6/29/99), 737 So.2d 706.